***********
The Full Commission has reviewed the 3 December 2008 Order of Robert Wayne Rideout, Jr. based upon the record of the proceedings before Deputy Commissioner Rideout and the parties' briefs. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS the 3 December 2008 Order of the Deputy Commissioner and enters the following Order:
 FINDINGS
Plaintiff sustained a compensable right shoulder injury on 14 August 2007. As a result of his injury, plaintiff sustained a massive rotator cuff tear. Defendants directed plaintiff to receive treatment for his injury from Dr. Derek Reinke at Cary Orthopedic and Sports Medicine. On 31 October 2007, Dr. Reinke performed surgery on plaintiff's right shoulder in an attempt the repair the massive tear. The surgery revealed that the accident on 14 August 2008 caused a three *Page 2 
tendon tear with significant retraction. Following surgery, plaintiff made a trial return to work, but defendant-employer ultimately terminated his employment because it was unable to accommodate his permanent work restrictions. Plaintiff is currently receiving compensation for total disability and he is participating in vocational rehabilitation. Defendants have been unable to procure suitable employment for plaintiff.
On 31 July 2008, Dr. Kevin Speer evaluated plaintiff's shoulder injury. In his report, Dr. Speer explained that when Dr. Reinke performed surgery, he repaired only a portion of the massive tear. In addition, although plaintiff's biceps tendon was medially subluxed and damaged, Dr. Reinke did not address that condition. Dr. Speer recommended that plaintiff undergo surgery in a second attempt to repair the massive tear and tendonese the biceps tendon. On 28 August 2008, Dr. Reinke re-evaluated plaintiff's shoulder. Dr. Reinke agrees with Dr. Speer's recommendation for revision shoulder surgery in an effort to lessen plaintiff's disability. was reasonable. Pursuant to an Order of Deputy Commissioner Rideout, plaintiff underwent a second IME on 14 November 2008. The second IME was performed by Dr. Reinke's partner, Dr. Raymond Carroll. Dr. Carroll concurred with the recommendations of Drs. Speer and Reinke.
The Full Commission finds that shoulder revision surgery is reasonably necessary to treat plaintiff's compensable shoulder injury. The surgery recommended by Dr. Speer is reasonably necessary to effect a cure, provide relief or lessen plaintiff's period of disability. Plaintiff requested treatment by Dr. Speer within a reasonable time. Plaintiff prefers that his surgery be performed by Dr. Speer for justifiable reasons. Defendants' objections to authorizing Dr. Speer to perform the necessary shoulder revision surgery are not reasonably justified.
The Full Commission concludes the shoulder revision surgery recommended by Drs. *Page 3 
Speer, Reinke and Carroll is reasonably necessary to effect a cure, provide relief or lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-25; Schofield v. Great Atlantic Pacific Tea Co.,299 N.C. 582, 264 S.E.2d 56 (1980). Plaintiff requested authorization for Dr. Speer to perform the shoulder revision surgery within a reasonable time. N.C. Gen. Stat. § 97-25; Schofield v. Great Atlantic Pacific TeaCo., 299 N.C. 582, 264 S.E.2d 56 (1980).
IT IS THEREFORE ORDERED that within 10 days of the date of this Order, defendants shall provide Dr. Kevin Speer with written authorization to perform shoulder revision surgery and all reasonably necessary pre-operative testing and post-operative treatment and rehabilitation.
Defendants shall pay the costs.
This the ___ day of January, 2009.
S/__________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/__________________ DANNY LEE McDONALD COMMISSIONER
 S/__________________ PAMELA T. YOUNG CHAIR *Page 1